## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KRUTIKAKUMARI THAKORBHAI AHIR; KEYUR DILIPBHAI AHIR | |
| Plaintiffs, | Case No. 25-cv-00470 |
| v. | Judge Mary M. Rowland |
| KRISTI NOEM, Secretary of Homeland Security; PAMELA BONDI, Attorney General; JOSEPH B. EDLOW, Director of USCIS; LAURA ZUCHOWSKI, Director of USCIS Vermont Service Center; LOREN K. MILLER, Director of USCIS Nebraska Service Center[1] | |
| Defendant(s). | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Mrs. Krutikakumari Thakorbhai Ahir ("Krutikakumari") and Mr. Keyur Dilipbhai Ahir ("Keyur") (collectively, "the Ahirs" or "Plaintiffs") bring their complaint against Defendants Kristi Noem in her official capacity as Secretary of the Department of Homeland Security, Pamela Bondi in her official capacity as Attorney General, Joseph B. Edlow in his official capacity as Director of the United States Citizenship and Immigration Services ("USCIS"), Laura Zuchowski in her official capacity as Director of the USCIS Vermont Service Center, and Loren K. Miller in

---

[1] The caption has been changed to reflect that Kristi Noem was sworn in as Secretary of the Department of Homeland Security on January 25, 2025, Pamela Bondi was sworn in as Attorney General on February 5, 2025, Joseph B. Edlow began his service as Director of USCIS on July 18, 2025, Laura Zuchowski is the current Director of the USCIS Vermont Service Center, and Loren K. Miller is the current Director of the USCIS Nebraska Service Center. The Court makes these substitutions pursuant to Fed. R. Civ. P. 25(d).

1

his official capacity as Director of the USCIS Nebraska Service Center (collectively "Defendants"). Plaintiffs allege in their complaint that Defendants violated 8 U.S.C. § 1184(p)(6) of the Immigration and Nationality Act ("INA") and 5 U.S.C. § 555(b) of the Administrative Procedure Act ("APA") by failing to render a timely bona fide determination ("BFD") of Plaintiffs' U nonimmigrant status ("U visa") and employment authorization document ("EAD") petitions and applications. Plaintiffs also seek a writ of mandamus to compel USCIS to issue a BFD. Before the Court is Defendants' motion to dismiss under Rules 12(b)(1), 12(b)(3), and 12(b)(6). [5]. For the reasons stated herein, Defendants' Motion to Dismiss is granted.

## I. Background

The following factual allegations taken from the operative complaint [1] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Plaintiffs are citizens of India and currently live in Tinley Park, IL. [1] at ¶ 2. Plaintiffs are married. *Id.* at ¶ 32. On November 9, 2023, Krutikakumari was the victim of an armed robbery committed in Flossmoor, IL. *Id.* at ¶ 34. Krutikakumari cooperated with the police investigation and therefore became eligible for a U visa. *Id.* As Krutikakumari's husband, Keyur is eligible for a derivative U visa. *Id.* at ¶ 9.

On August 9, 2024, Krutikakumari filed a Form I-918, Petition for U Nonimmigrant Status and a Form I-765, Application for Employment Authorization for herself. *Id.* at ¶ 41. She also filed a Form I-918, Supplement A, Petition for Qualifying Family Member of U-1 Recipient and a Form I-765, Application for

Employment Authorization for Keyur. *Id.* The USCIS Nebraska Service Center received these U visa and EAD petition and application forms on August 12 and 14, 2024 and issued receipt notices on August 13 and 14, 2024. [2] [1-3]; [1-4].[3] On August 30, 2024, USCIS issued appointment notices for Plaintiffs to submit their biometrics at the Application Support Center with USCIS Sacramento on September 17, 2024 at 9:00 a.m. [1] at ¶ 42; [1-5]. Plaintiffs completed their biometrics appointments at this scheduled date and time. [1] at ¶ 42.

Plaintiffs filed their complaint on January 16, 2025, alleging that Defendants violated the APA and the INA by unreasonably delaying the processing of their U visa applications and failing to issue BFDs and EADs for over 5 months. [1] at ¶¶ 47-49, 54-57. Plaintiffs also invoke the Mandamus Act and request that the Court compel USCIS to issue them a BFD. *Id.* at ¶¶ 50-53.

Defendants move to dismiss Plaintiffs' complaint for lack of jurisdiction, improper venue, and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6). [5].

## II.    Standard

Rule 12(b)(1) allows for the dismissal of complaints over which a court may not exercise subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "In evaluating a challenge to subject matter jurisdiction, [a] court must first determine whether a

---

[2] Plaintiffs' complaint states that Krutikakumari filed these forms with the USCIS Vermont Service Center. However, the receipt lists the USCIS Nebraska Service Center as the issuing service center for the notices and as the recipient of the submitted forms.
[3] The Court may consider materials attached to the complaint. *See* Fed. R. Civ. P. 10(c); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

factual or facial challenge has been raised." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (citing *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009)). A facial challenge argues that the plaintiff has not sufficiently alleged a basis for subject matter jurisdiction, while a factual challenge contends that even if the pleadings are sufficient, there is in fact no subject matter jurisdiction. *Id.* Here, because Defendants make a factual challenge by contesting the truth of the jurisdictional allegations, the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if Plaintiffs have established subject matter jurisdiction by a preponderance of the evidence. *See id.* at 173. If a "complaint is facially sufficient but external facts call the [C]ourt's jurisdiction into question, [the Court] 'may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017) (quoting *Apex Digital*, 572 F.3d at 444).

Rule 12(b)(3) permits the dismissal of complaints filed in an improper venue. *See* Fed. R. Civ. P. 12(b)(3). After a defendant challenges the plaintiff's choice of venue, the plaintiff bears the burden of establishing that venue is proper. *See Marzano v. Proficio Mortg. Ventures, LLC*, 942 F. Supp. 2d 781, 787 (N.D. Ill. Apr. 25, 2013); *see also Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1970). When evaluating a Rule 12(b)(3) motion, a court "takes all the allegations in the complaint as true . . . and may examine facts outside the complaint." *Bahoor v. Varonis Sys., Inc.*, 152 F. Supp. 3d 1091, 1094 (N.D. Ill. Dec. 28, 2015). A court "must

4

resolve any factual disputes and draw all reasonable inferences in the plaintiff's favor." *Gilman Opco LLC v. Lanman Oil Co., Inc.*, 2014 WL 1274499 at *2 (N.D. Ill. Mar. 28, 2014). If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may *sua sponte* transfer a case when venue is improper. *MB Fin. Bank, N.A. v. Walker*, 741 F. Supp. 2d 912, 915 (N.D. Ill. 2010).

### III.   Analysis

#### A. Subject Matter Jurisdiction

Defendants argue that the Court lacks jurisdiction over the Plaintiffs' claims. [6] at 6-7. Subject matter jurisdiction is a threshold issue in any case, so the Court addresses this contention first. *Miller v. Sw. Airlines Co.*, 926 F.3d 898, 902 (7th Cir. 2019).

Under 8 U.S.C. 1252(a)(2)(B)(ii), "no court shall have jurisdiction to review […] any [] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in [their] discretion[,] other than the granting of relief under section 1158(a) [governing asylum applications]." 8 U.S.C. § 1252(a)(2)(B)(ii). "[T]his subchapter" refers to 8 U.S.C. §§ 1151–1382. *See Kucana v. Holder*, 558 U.S. 233, 239 n.3 (2010). The statute authorizing U visa BFDs and EADs, 8 U.S.C. § 1184(p)(6), falls within this subchapter.

Section 1184(p)(6) provides that "[t]he Secretary [of Homeland Security] *may* grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." § 1184(p)(6) (emphasis added). The Supreme Court has "'repeatedly observed' that 'the word 'may' *clearly* connotes discretion.'" *Biden v. Texas*, 597 U.S. 785, 787 (2022) (emphasis in original) (quoting *Opati v. Republic of Sudan*, 590 U.S. 418, 419 (2020)). Because Section 1184(p)(6) permits USCIS to make discretionary decisions regarding U visa EADs, Section 1252(a)(2)(B)(ii) precludes judicial review of Plaintiffs' claim.

The Seventh Circuit has explained that a similar jurisdiction stripping provision, 8 U.S.C.A. § 1182(a)(9)(B)(v), which similarly applies to "any decision or action" by the Attorney General, applies to agency delays in processing applications. *Soni v. Jaddou*, 103 F.4th 1271, 1272 (7th Cir. 2024) (citing 8 U.S.C.A. § 1182(a)(9)(B)(v)), *reh'g denied,* No. 23-3220, 2024 WL 3683115 (7th Cir. Aug. 6, 2024). Although "delay in addressing an application is not a 'decision' on that application," the agency's allocation of resources and setting priorities for processing applications are agency "actions." *Id.*; *see also Garcia v. U.S. Citizenship & Immigr. Servs.*, 760 F. Supp. 3d 671, 673 (N.D. Ill. 2024) (relying on *Soni* to conclude that § 1252(a)(2)(B)(ii) "encompasses the decision-making process [and] insulates from judicial review the timeline under which that process unfolds").

The Court therefore lacks jurisdiction over Plaintiffs' claims that Defendants have unreasonably delayed processing their EAD applications. *See Patel v. Noem*, No. 24 C 12143, 2025 WL 1489204, at *2 (N.D. Ill. May 23, 2025) ("Because the decision

6

to grant an EAD is at USCIS's discretion, the decision to delay adjudicating an EAD application likewise is discretionary and barred by § 1252(a)(2)(B)(ii)."); *see also Garcia*, 760 F. Supp. 3d at 674 ("the Court concludes that, courtesy of § 1252(a)(2)(B)(ii), it lacks subject matter jurisdiction to review the timeline under which USCIS considers" an application within its discretion); *but see Barrios Garcia v. U.S. Dept. of Homeland Sec.*, 25 F.4th 430, 443 (6th Cir. 2022) (holding that § 1252(a)(2)(B)(ii) does not bar EAD-related claims).

The Court similarly finds that it lacks jurisdiction over Plaintiffs' claims that Defendants have unreasonably delayed making a BFD of their U visa application. "Because the BFD Process is a predicate to the work authorization decision, which 8 U.S.C. § 1184(p)(6) undoubtedly gives the Secretary clear discretion over (i.e., the Secretary "may grant"), this falls under § 1252(a)(2)(B)(ii)'s jurisdictional bar." *Lobatos v. Noem*, No. 25 C 01223, 2025 WL 1651220, at *4 (N.D. Ill. June 11, 2025). In *Lobatos*, the court acknowledged that it could not find any binding Seventh Circuit caselaw directly addressing the applicability of § 1252(a)(2)(B)(ii) to U visa BFDs. *Id.* at *4. However, the Supreme Court found that § 1252(a)(2)(B)(i), the portion of the statute immediately preceding the portion relevant here, precludes judicial review of questions of fact in a petitioner's adjustment of status application because the statutory text "any judgment" has an "expansive meaning." *Id.* (citing *Patel v. Garland*, 596 U.S. 328 (2022)); *see also* § 1252(a)(2)(B)(i) ("no court shall have jurisdiction to review any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title").

Relying on the Supreme Court's decision in *Patel* and the Seventh Circuit's decision in *Soni*, the court in *Lobatos* concluded that the "Supreme Court and Seventh Circuit's expansive reading of § 1252(a)(2)(B)(i) and § 1182(a)(9)(B)(v) counsels the Court to read § 1252(a)(2)(B)(ii) as similarly expansive." *Lobatos*, 2025 WL 1651220, at *5. Section 1184(p)(6) gives USCIS discretion to "grant work authorization to any alien who has a pending, bona fide application for" U visa status. § 1184(p)(6). "Because the BFD Process is an antecedent decision, which USCIS must make prior to determining work authorization status, the Court also does not have subject matter jurisdiction over" Plaintiffs' claim that USICS has unreasonably delayed rendering a BFD. *Lobatos*, 2025 WL 1651220, at *5; *see also Patel v. Noem*, No. 25 C 657, 2025 WL 1766104, at *3 (N.D. Ill. June 26, 2025) ("a determination of whether a petition is 'bona fide' is discretionary, which means granting or denying a BFD is discretionary too"); *N-N v. Mayorkas*, 540 F. Supp. 3d 240, 256-58 (E.D.N.Y. 2021) ("There is simply insufficient definitional content in the phrase 'bona fide' to compel agency action in the context of a statute that is framed, on its face, as discretionary.").

Due to § 1252(a)(2)(B)(ii)'s jurisdictional bar as applied to § 1184(p)(6), the Court lacks subject matter jurisdiction over Plaintiffs' claims.[4]

### B. Venue

---

[4] The Court may have subject matter jurisdiction over claims that USCIS has unreasonably delayed determining U visa applicants' eligibility for the statutory waitlist. *See Patel*, 2025 WL 1766104, at *3 (noting that courts are split on whether such claims are reviewable and collecting cases but concluding that the court has subject matter jurisdiction); *see also Lobatos*, 2025 WL 1651220 (dismissing such a claim as unripe). Plaintiffs do not argue that Defendants have unreasonably delayed a waitlist determination, therefore the Court does not reach this issue.

Even if the Court had subject matter jurisdiction over this case, venue is improper in this district. Defendants argue that Plaintiffs' complaint should be dismissed for improper venue under 28 U.S.C. § 1391(e). [6] at 8. This statute governs "civil action[s] in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity." 28 U.S.C. § 1391(e). Venue is proper in "any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved." *Id.*

Although Plaintiffs allege that they are residents of Tinley Park, IL, they "are not residents of this District—or anywhere in the United States—for venue purposes" because they were admitted into the United States on temporary B-2 tourist visa. *Patel*, 2025 WL 1489204, at *3; [6-1] (Plaintiffs were admitted to the United States on B2 visas); 8 U.S.C. § 1101(a)(15)(B) (nonimmigrant aliens include those "having a residence in a foreign country which he has no intention of abandoning and who is visiting the United States temporarily for business or temporarily for pleasure"). "If a non-immigrant enters the United States with a visa, a condition of which is 'a residence in a foreign country which he has no intention of abandoning,' he likewise cannot accumulate 'lawful domicile.'" *Castellon-Contreras v. I.N.S.*, 45 F.3d 149, 153 (7th Cir. 1995) (quoting 8 U.S.C. § 1101(a)(15)(B)) (internal citation omitted). Plaintiffs are therefore not residents of this district for venue purposes.

9

Plaintiffs' allegation that Defendants "operate in the State of Illinois" is also insufficient to establish that venue is proper. *See* [1] at ¶ 7. Plaintiffs' allegations fail "because all Defendants reside in other states and 'the mere presence of a regional agency office in a judicial district does not create residency in the district for the purpose of venue analysis.'" *Patel*, 2025 WL 1489204, at *3 (quoting *Trout v. Cnty. of Madera*, No. 21-CV-06061-PJH, 2022 WL 2479156, at *7 (N.D. Cal. July 6, 2022)). For purposes of venue, residence is where the Defendants perform their official duties. *Johnson-Ester v. Schwarzenegger*, No. 09-CV-5384, 2010 WL 1257787, at *3 (N.D. Ill. Mar. 25, 2010); *see also Reuben H. Donnelley Corp. v. F.T.C.*, 580 F.2d 264, 266 n.3 (7th Cir. 1978) ("The residence of a federal officer has always been determined by the place where he performs his official duties.").

Plaintiffs argue that "the underlying crime" occurred in this district. [8] at 3. However, the events or omissions giving rise to Plaintiffs' claim are USCIS's alleged delays and inaction on Plaintiffs' application. As alleged in Plaintiffs' complaint, their petition and application forms were received by the USCIS Nebraska Service Center and Plaintiffs' biometrics appointments occurred at the USCIS Sacramento Service Center. The fact that Krutikakumari was the victim of a crime does not give rise to Plaintiffs' claim that USCIS has unreasonably delayed the processing of their U visa application. Plaintiffs have therefore failed to allege any facts showing that the events giving rise to their claim occurred in this district.

Plaintiffs have not requested that their complaint be transferred rather than dismissed. *See* [8]. If a case is filed in the wrong district, the district court "shall

dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.A. § 1406(a). Whether transfer is in the interest of justice is not a definite standard, but "the presumption generally runs in favor of transfer." *MB Fin. Bank*, 741 F. Supp. 2d at 919. However, courts have dismissed similar claims alleging unreasonable delays in processing immigrations forms rather than transferring. *See Patel*, 2025 WL 1489204, at *3; *Hasbani v. Noem*, No. 24-CV-11790, 2025 WL 1103817, at *3 (N.D. Ill. Apr. 14, 2025); *Kulla v. Mayorkas*, No. 24-CV-03847, 2024 WL 4188017, at *2 (N.D. Ill. Sept. 13, 2024). Given that the Court has also found that it lacks jurisdiction over Plaintiffs' claims, the Court declines to transfer the case.

Therefore, regardless of whether the Court has jurisdiction over Plaintiffs' claims, Plaintiffs have not established that venue is proper, and their complaint is dismissed.[5] *See In re LimitNone, LLC*, 551 F.3d 572, 576–78 (7th Cir. 2008) (authorizing a determination regarding venue before reaching subject-matter jurisdiction).

## IV. Conclusion

For the stated reasons, Defendants' Motion to Dismiss [5] is granted. Civil case terminated.

---

[5] Because the Court has determined that dismissal is appropriate for lack of subject matter jurisdiction and improper venue, it declines to address Defendants' Rule 12(b)(6) argument that Plaintiffs' petitions and applications have not been pending for an unreasonable amount of time.

E N T E R :

Dated: September 2, 2025

_____
MARY M. ROWLAND
United States District Judge